## CIRCUIT COURT OF CHESTERFIELD COUNTY

Molly Andrews Tapp

    v.

Robert Lee Tapp

April 18, 1983

### By JUDGE ERNEST P. GATES

The Complainant and Defendant were married on the 20th day of December 1980. They separated on October the 30th, 1981. The Complainant filed suit for divorce against the Defendant on November the 3rd, 1982, alleging that they had lived separate and apart without cohabitation continuously and without interruption for more than one year and seeks a final divorce. Depositions were duly taken and filed. The Defendant has asked the Court to determine the ownership and value of all real and personal property of the parties so that the Court may grant a monetary award based on the party's equities and rights and interest in their marital property pursuant to § 20-107.3 of the Virginia Code.

Section 20-107.3 of the Code of Virginia provides in part:

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, the Court, upon motion of either party, shall determine the legal title as between the parties, and the ownership and value of all real and personal property of the parties and shall consider

which of such property is separate property and which is marital property.

The statute defines separate and marital property as follows:

1. Separate property is (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; and (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property.

2. Marital property is (i) all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise, and (ii) all other property acquired by each party during the marriage which is not separate property as defined above. All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property.

Furthermore, in determining property rights of the spouses, the General Assembly in § 20-107.3(C) authorized the Court to partition marital property only in those instances where such property is titled in the names of both parties. To do what the Defendant requests, the Court must determine the title and ownership of all property owned by the parties and its value.

Under § 20-107.3(D) of the Virginia Code, the Court may grant a monetary award based on the equities and the rights and interest of each party in the marital property. In doing this under § 20-107.3(E), the amount of the award and the method of payment should be determined by the Court after considering the factors recited therein.

The Court held an *ore tenus* hearing on April the 4th, at which time both parties presented evidence. From the evidence it was determined that the parties own a house located at 3706 Julip Drive, Colonial Heights, Virginia, as tenants by the entireties; certain household appliances purchased for the house; and a 1981 Datsun purchased subsequent to the marriage.

There is no dispute that the household appliances were purchased from joint accounts and consequently they are marital property. The Court determines their value to be $1,225.00.

There is controversy however about the house and 1981 Datsun. The evidence is undisputed that the down-payment, extras constructed and closing costs in the amount of $4,575.82 were paid by the husband from savings accounts which were separate property prior to the marriage. The house is valued at $46,000.00 with a mortgage balance of $38,773.81, leaving an equity of $7,256.19. The 1981 Datsun was purchased by a trade in allowance on a vehicle owned by the husband of $1,300.00, a cash payment of $1,000.00 from separate property of the husband and the balance financed. The 1981 Datsun was titled in both names. The Datsun is valued at $4,925.00, with a balance owed of $4,273.74, giving an equity of $651.26. Since the separation, the husband has lived in the house and has had possession of the 1981 Datsun and has made the house and car payments.

The Court determines that the house and car are marital properties. The separate property of the husband was not maintained as separate property. See Virginia Code § 20-107.3(A)(1)(iii).

The evidence disclosed that the wife owned a horse prior to the marriage which she sold for $1,400.00 and used the proceeds during the marriage for their maintenance and support. She used the proceeds from a school loan to pay $600.00 for their honeymoon and $400.00 for the costs of the wedding. The parties both worked during their marriage. Prior to the marriage the wife was a student at Virginia Polytechnic Institute and State University. Subsequent to the separation she returned to school to resume her studies and is working and maintaining herself. The

husband is employed and neither party is asking for spousal support.

Should the Court grant a monetary award under Section 20-107.3 of the Virginia Code? In making this decision the Court must search for what is fair. I believe that marriage is a shared enterprise. It is a partnership in which contributions and equities differ. In a brief marriage the allowance should not be too liberal. My responsibility is to divide the marital estate fairly. Considering the monetary contributions of each to the well-being of the family and to the acquisition, care and maintenance of the marital property; the ages of the parties and the short duration of their marriage; the economic conditions of the parties and the higher earning capacity of the husband; the Court is of the opinion that no monetary award should be made to either. They should share equally in the marital property. The Court under § 20-107.3 will partition the marital property. The property is not divisible in kind and susceptible to partition in kind; neither of the owners is willing to take the whole part and pay to the other such sum as his or her interest may entitle him or her to. Therefore, the Court will order that the property be sold and will appoint the attorneys as Special Commissioners to sell the property with authority to receive private offers and then submit them to the Court for approval. Since the separation the husband has lived in the house and had possession of the automobile. While he lives in the house, he will continue to make the house and car payments until such time as they are sold. The appliances will be sold with the house or separately as the commissioners determine. If the parties can agree among themselves how their respective interest can be allocated, then the Court will not order the sale of the property. The Court will allow the parties ten days for them to negotiate a settlement of their respective interests. If they are unable to agree, then the property will be sold.

Based on the evidence submitted in depositions the Court will grant a final divorce to the Complainant as asked for in the Bill of Complaint.